## JAMES FIOLEK *v.* COMMISSIONER OF MOTOR VEHICLES
## (AC 17771)

O'Connell, C. J., and Foti and Dupont, Js.

Submitted on briefs October 29, 1998—officially released January 12, 1999

*Zbigniew S. Rozbicki* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *Robert L. Marconi*, assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant commissioner of motor vehicles suspending his license to operate a motor vehicle pursuant to General Statutes § 14-227b.[1] The plaintiff claims that the trial court improperly (1) found that there was sufficient evidence in the administrative record to support the commissioner's decision, (2) found that the commissioner's decision complied with a prior remand, (3) sustained the commissioner's decision and (4) failed to follow the law of the case doctrine. We affirm the judgment of the trial court.

The commissioner, through a hearing officer, suspended the plaintiff's license to operate a motor vehicle

[1] General Statutes § 14-227b provides in relevant part: "(a) Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . .

"(c) If the person arrested . . . submits to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicate that the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight, the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license . . . for a twenty-four-hour period and shall issue a temporary operator's license or nonresident operating privilege to such person valid for the period commencing twenty-four hours after issuance and ending thirty days after the date such person received notice of his arrest by the police officer. The police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. . . . The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for operating a motor vehicle while under the influence of intoxicating liquor . . . [and] that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight."

for ninety days because the plaintiff had failed a breath test after he was arrested for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. The plaintiff appealed from that decision to the trial court pursuant to General Statutes § 4-183. The trial court, *Maloney, J.*, sustained the appeal and remanded the case to the commissioner to render a new decision that would set forth the findings of fact and conclusions of law necessary for review.[2]

Following the remand, the commissioner, through his hearing officer, rendered a new decision and the plaintiff again appealed to the trial court, *DiPentima, J.*, which dismissed the appeal. The matter now before us concerns only the second appeal.

Our examination of the record and briefs persuades us that the judgment of the trial court should be affirmed. The issues regarding the underlying factual disputes were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. *Fiolek* v. *Commissioner of Motor Vehicles*, 45 Conn. Sup. 489, 722 A.2d 1237 (1997). Because that memorandum of decision fully and properly addresses the arguments raised in this appeal,[3] we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for

---

[2] The trial court stated in its memorandum of decision that "it was incumbent on the hearing officer to write a decision that sets forth specific findings on crucial elements—the time of operation, for a prime example—and explains how he arrived at those findings of fact on the basis of the poorly prepared police documents. The decision that the hearing officer did write in this case does not provide an adequate basis for the court's review."

[3] The plaintiff's claim that the trial court improperly applied the law of the case doctrine contains no analysis of the law or citation to legal authority. Accordingly, we decline to review it. Practice Book § 67-4, formerly § 4064C. *Krondes* v. *O'Boy*, 37 Conn. App. 430, 436, 656 A.2d 692 (1995).

us to repeat the decision contained therein. See *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.