EDGAR SIMARD *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 19765)

Lavery, C. J., and Landau and Pellegrino, Js.

Submitted on briefs October 18, 2000—officially released April 10, 2001

*Jeffrey D. Brownstein* and *Gregory A. Thompson* filed a brief for the appellant (plaintiff).

*Richard Blumenthal,* attorney general, and *Alan N. Ponanski,* assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

PELLEGRINO, J. The plaintiff, Edgar Simard, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant commissioner of motor vehicles (commissioner) suspending his motor vehicle operator's license pursuant to General Statutes (Rev. to 1997) § 14-227b. On appeal, the plaintiff claims that the court improperly dismissed his appeal because the record lacked substantial evidence sufficient to permit the hearing officer to suspend his

motor vehicle operator's license. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On November 30, 1998, the plaintiff, while operating a motor vehicle, was stopped by a Plainville police officer after the vehicle was observed traveling erratically. The officer detected the odor of alcohol emanating from within the vehicle and about the plaintiff's person. The plaintiff was slow to react to the officer's questions, had glassy eyes and could not remember the alphabet. Furthermore, the plaintiff admitted to having consumed "three to four drinks" that evening. Thereafter, the officer requested the plaintiff to perform three standard field sobriety tests.[1] The plaintiff failed all three tests and subsequently was charged with operating a motor vehicle while under the influence of liquor in violation of General Statutes (Rev. to 1997) § 14-227a.[2] The plaintiff then was transported to the Plainville police department, where he agreed to perform two breath tests. The first test indicated a blood alcohol content (BAC) of 0.126 percent, and the second resulted in a BAC reading of 0.114 percent; both tests registered a BAC in access of the 0.10 percent legal limit established pursuant to § 14-227a.

A written report of the arrest and test failure was forwarded to the department of motor vehicles pursuant to § 14-227b (c).[3] The plaintiff then was notified of

---

[1] The three field sobriety tests were the horizontal gaze nystagmus, the walk and turn, and the one leg stand.

[2] General Statutes (Rev. to 1997) § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor . . . . A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor . . . if he operates a motor vehicle . . . (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[3] General Statutes (Rev. to 1997) § 14-227b (c) provides in relevant part: "If the person arrested . . . submits to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicate that the ratio of alcohol in the blood of such person is ten-

the suspension of his motor vehicle operator's license for a period of one year. The plaintiff requested an administrative hearing which was held on December 22, 1998. The plaintiff presented evidence from James E. O'Brien, a toxicologist, who testified that the plaintiff's BAC reading may have been falsely elevated because of alcohol trapped under the plaintiff's dental plate. The plaintiff also presented a letter from Brian E. Pape, a toxicologist, which stated his opinion that the plaintiff's BAC was likely below 0.10 percent at the time he operated the motor vehicle. Upon review of the evidence brought before him, the hearing officer issued a decision upholding the defendant's suspension of the plaintiff's motor vehicle operator's license. Thereafter, pursuant to the provisions of the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., the plaintiff appealed to the court, which dismissed the appeal. This appeal followed.

"[J]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act . . . and the scope of that review is very restricted." (Internal quotation marks omitted.) *Bancroft* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 391, 399, 710 A.2d 807, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998). "The substantial evidence rule governs judicial review of administrative [fact-finding] under General Statutes [§ 4-183 (j)].[4] . . . An administrative finding is

hundredths of one per cent or more of alcohol, by weight, the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license . . . . The police officer shall prepare a written report of the incident and shall mail the report together with . . . any operator's license taken into possession and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. . . ."

[4] General Statutes § 4-183 (j) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess

supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Such a standard of review allows less room for judicial scrutiny than does the weight of the evidence rule or the clearly erroneous rule. . . . Basically, an agency is not required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair." (Citations omitted; internal quotation marks omitted.) Id., 400.

"[W]e must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion." (Internal quotation marks omitted.) Id., 401, quoting *Stamford* v. *Freedom of Information Commission*, 241 Conn. 310, 314, 696 A.2d 321 (1997); *Burinskas* v. *Dept. of Social Services*, 240 Conn. 141, 147, 691 A.2d 586 (1997).

On appeal, the plaintiff claims that the court improperly dismissed his appeal because there was not substantial evidence to suspend his motor vehicle operator's license. The plaintiff specifically argues that absent evidence to rebut his proffered expert opinion evidence, the hearing officer was required to accept his experts' opinions that the plaintiff's BAC was less than 0.10 percent at the time of operation. The plaintiff further claims that once the presumption found in § 14-227b (f), now (g),[5] is rebutted, then the burden shifts

of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

[5] General Statutes (Rev. to 1997) § 14-227b (f), now (g), provides in relevant part: "In the hearing, the results of the test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such person at the time of operation, except that if the results of the additional test indicate that the

to the commissioner to prove that the plaintiff's BAC was over the legal limit. In response, the commissioner argues that the hearing officer was not required to accept the testimony of the plaintiff's expert and properly relied on the statutory presumption that the results of a chemical alcohol test or analysis are sufficient to indicate a person's BAC at the time of the operation of a motor vehicle. This court examined those same issues in *Dumont* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 635, 712 A.2d 427, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998), *Settani* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 418, 421, 710 A.2d 816, cert. denied, 245 Conn. 916, 719 A.2d 1166, 1167 (1998), and *Bancroft* v. *Commissioner of Motor Vehicles*, supra, 48 Conn. App. 391. Considering the holdings of those cases, we agree with the defendant and affirm the judgment of the trial court.

I

The plaintiff's first claim is that the hearing officer improperly rejected uncontradicted evidence from two experts, O'Brien and Pape, that the plaintiff's BAC was less than 0.10 percent at the time of the operation of the vehicle. We disagree.

It is clear that "[t]he hearing officer is not required to believe unrebutted expert testimony, but may believe all, part or none of such unrebutted expert evidence." (Internal quotation marks omitted.) *Dumont* v. *Commissioner of Motor Vehicles*, supra, 48 Conn. App. 641; *Bancroft* v. *Commissioner of Motor Vehicles*, supra, 48 Conn. App. 405. "In determining whether an administrative finding is supported by substantial evidence, a court

ratio of alcohol in the blood of such person is twelve-hundredths of one per cent or less of alcohol, by weight, and is higher than the results of the first test, evidence shall be presented that demonstrates that the test results and analysis thereof accurately indicate the blood alcohol content at the time of operation. . . ."

must defer to the [commissioner's] . . . right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." (Internal quotation marks omitted.) *Bancroft* v. *Commission of Motor Vehicles*, supra, 405–406; quoting *Pickles* v. *Goldberg*, 38 Conn. App. 322, 325, 660 A.2d 374 (1995); see also *Briggs* v. *State Employees Retirement Commission*, 210 Conn. 214, 217, 554 A.2d 292 (1989). "Despite the defendant's contention to the contrary, the trial court is not required to accept uncontradicted expert testimony. The court might reject it entirely as not worthy of belief or find that the [expert] opinion was based on subordinate facts that were not proven." (Internal quotation marks omitted.) *Bancroft* v. *Commissioner of Motor Vehicles*, supra, 405, quoting *State* v. *Blades*, 225 Conn. 609, 629, 626 A.2d 273 (1993). As in *Bancroft*, the plaintiff in the present case has failed to demonstrate that the hearing officer disregarded the expert evidence presented. "We are entitled to presume that the hearing officer considered all the evidence before him in arriving at his decision . . . ." *Bancroft* v. *Commissioner of Motor Vehicles*, supra, 404.

In the present case, the record before the hearing officer included evidence of the plaintiff's intoxication at the time of operation. The plaintiff failed three field sobriety tests, was slow to react to the arresting officer's questions and admitted to having consumed three to four alcoholic beverages before operating his motor vehicle that evening. Therefore, because the hearing officer was not required to accept the unrebutted expert evidence and because there was sufficient evidence independent of the expert testimony to establish the plaintiff's intoxication during the time he operated the vehicle, we cannot conclude that the hearing officer acted unreasonably, arbitrarily, illegally or in abuse of his discretion in suspending the plaintiff's motor vehicle operator's license.

## II

The plaintiff also claims that he successfully rebutted the statutory presumption of intoxication when he presented expert evidence. We disagree.

It is clear that § 14-227b (f), now (g), "creates a rebuttable, as opposed to a conclusive, presumption." *Dumont* v. *Commissioner of Motor Vehicles*, supra, 48 Conn. App. 644. We stated in *Bancroft*, and again in *Dumont*, that "the statutory presumption is sufficient to withstand expert evidence to the contrary and support a conviction without further evidence, if the [trier of fact] disbelieves the contrary evidence. . . . [T]his principle applie[s] equally to an administrative hearing under § 14-227b, [where a] hearing officer may rely on the presumption created by the statute if he or she disbelieves expert evidence to the contrary. Additional expert evidence to rebut the plaintiff's evidence is not required in such a case." (Internal quotation marks omitted.) Id., 641; *Bancroft* v. *Commissioner of Motor Vehicles*, supra, 48 Conn. App. 407. Therefore, considering the limited scope of our review, we cannot conclude that the hearing officer improperly relied on the statutory presumption in suspending the plaintiff's motor vehicle operator's license.

We conclude that the administrative record contains substantial evidence to support the commissioner's suspension of the plaintiff's motor vehicle operator's license. Accordingly, the court properly dismissed the plaintiff's appeal.

The judgment is affirmed.

In this opinion the other judges concurred.