## WILLIAM BRAVER *v.* COMMISSIONER OF MOTOR VEHICLES
### (AC 21288)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Andrew J. O'Neill* filed a brief for the appellant (plaintiff).

*Richard Blumenthal,* attorney general, and *Priscilla J. Green,* assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, William Braver, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant commissioner of motor vehicles suspending the plaintiff's operator's license for ninety days for violating General Statutes § 14-227b (c).[1] The plaintiff claims that the court improperly (1) refused to give conclusive effect to the defendant's answer to the plaintiff's complaint

---

[1] General Statutes § 14-227b (c) provides in relevant part: "If the person arrested . . . submits to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicate that such person has an elevated blood alcohol content, the police officer . . . shall immediately revoke and take possession of the motor vehicle operator's license . . . ."

and (2) considered evidence outside the record to support the defendant's decision. We affirm the judgment of the trial court.

The defendant, through a hearing officer, suspended the plaintiff's license to operate a motor vehicle for ninety days because the plaintiff had failed a breath test after he was arrested on a charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. The plaintiff appealed from that decision to the court pursuant to General Statutes § 4-183. The court dismissed the appeal. This appeal followed.

"[J]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act [General Statutes § 4-166 et seq.] . . . and the scope of that review is very restricted. . . . The substantial evidence rule governs judicial review of administrative [fact-finding] under General Statutes [§ 4-183 (j)]. . . . An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Such a standard of review allows less room for judicial scrutiny than does the weight of the evidence rule or the clearly erroneous rule. . . . Basically, an agency is not required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair. . . . [W]e must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion." (Citations omitted; internal quotation marks omitted.) *Simard* v. *Commissioner of Motor Vehicles*, 62 Conn. App. 690, 693–94, 772 A.2d 1137 (2001), quoting *Bancroft* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 391, 399–401, 710 A.2d 807, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998).

The alleged admission that the plaintiff relies on is the fact that the defendant answered "admitted" to the paragraph of his complaint that states that he was arrested at 10:27 p.m. on May 4, 2000. Because the police performed a breath analysis on the plaintiff at 11:41 p.m., over an hour after the arrest time, the plaintiff contends that it is possible that he had ceased operating his vehicle more than two hours before the time of the breath test. The court found that it is common practice for the police dispatcher to note the time that the police officer calls in the stopping of the vehicle and then for police officers to use that time for all further paperwork. The court then stated that "putting that [the repeated reference to the same time] to one side, I think there was ample evidence in the record that the stop occurred at [10:27 p.m.]"

The "common practice" cited by the court as the basis for its conclusion that the stop occurred at 10:27 p.m. on May 4, 2000, is the same as that cited by the court in *Fiolek* v. *Commissioner of Motor Vehicles*, 45 Conn. Sup. 489, 493, 722 A.2d 1237 (1997), aff'd, 51 Conn. App. 486, 721 A.2d 1260, cert. denied, 248 Conn. 906, 731 A.2d 306 (1999). In our disposition of the plaintiff's appeal from the dismissal of his appeal to the Superior Court in that case, we stated: "The issues regarding the underlying factual disputes were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision." *Fiolek* v. *Commissioner of Motor Vehicles*, 51 Conn. App. 486, 488, 721 A.2d 1260, cert. denied, 248 Conn. 906, 731 A.2d 306 (1999).

The judgment is affirmed.