## KARL W. FUNDERBURK *v.* COMMISSIONER OF MOTOR VEHICLES
### (AC 21481)

Landau, Mihalakos and Dupont, Js.

Submitted on briefs December 13, 2001—officially released March 19, 2002

*Robert A. Cushman* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *Alan N. Ponanski*, assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Karl W. Funderburk, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant commissioner of motor vehicles (commissioner) suspending

his motor vehicle operator's license for six months for failing a breath test pursuant to General Statutes § 14-227b.[1] On appeal, he claims that (1) there was insufficient evidence to show that he failed a chemical alcohol test and (2) the hearing officer improperly allowed into evidence the A-44 arrest form and attachments.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. On June 17, 2000, after observing the plaintiff's erratic driving, a Glastonbury police officer followed the plaintiff into the parking lot at Krauser's Market convenience store in Glastonbury. After the plaintiff failed three standard field tests, he was arrested and charged with operation of a motor vehicle while under the influence of liquor in violation of General Statutes §§ 14-227a and 14-36. At approximately 11:12 p.m., the plaintiff submitted to a breath test, and his blood alcohol content (BAC) registered at 0.204. A second test was administered at approximately 11:50 p.m. and registered a BAC of 0.198.

Thereafter, the police officer prepared and forwarded a written report to the commissioner. The commissioner suspended the plaintiff's operator's license for a period of six months. An administrative hearing was

---

[1] General Statutes § 14-227b (g) provides in relevant part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while such person's ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that such person had an elevated blood alcohol content; and (4) was such person operating the motor vehicle. . . ."

[2] "The A-44 form is used by the police to report an arrest related to operating a motor vehicle under the influence and the results of any sobriety tests administered or the refusal to submit to such tests." *Roy* v. *Commissioner of Motor Vehicles,* 67 Conn. App. 394, 396 n.3, 786 A.2d 1279 (2001).

held on July 14, 2000, at which the state offered form A-44 and a copy of the supporting documentation, including the officer's report and a driving while intoxicated arrest processing procedure report. On the basis of the evidence presented at the hearing, the commissioner made findings and suspended the plaintiff's operator's license. The plaintiff's subsequent appeal to the court pursuant to General Statutes § 4-183 (a)[3] was dismissed. This appeal followed.

Our review of a commissioner's decision in an administrative appeal is well settled. "[J]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act [General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted." (Internal quotation marks omitted.) *Bancroft* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 391, 399, 710 A.2d 807, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998).

The plaintiff must prove that the commissioner's decision to suspend his operator's license was "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ." General Statutes § 4-183 (j) (5);[4] see *Schallenkamp* v. *DelPonte*, 229 Conn. 31, 39, 639 A.2d 1018 (1994). "Judicial review of an

[3] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[4] General Statutes § 4-183 (j) provides in relevant part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."

administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) *Schallenkamp* v. *DelPonte,* supra, 40.

"In determining whether an administrative finding is supported by substantial evidence, a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness . . . in whole or in part. . . . Basically, an agency is not required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair." (Citation omitted; internal quotation marks omitted.) *Bancroft* v. *Commissioner of Motor Vehicles,* supra, 48 Conn. App. 400.

The plaintiff first argues that there was insufficient evidence to support the administrative hearing officer's conclusion that he failed a chemical alcohol test. Specifically, he argues that because none of the blood alcohol levels listed on form A-44 described the ratio of alcohol to blood, such evidence was insufficient to prove that the ratio of alcohol in his blood was sixteen-hundredths of 1 percent or more of alcohol, by weight within the meaning of § 14-227b (i) (3) (B). We disagree.

The plaintiff submitted to a breath test conducted with a standard intoxilizer alcohol analyzer. The police report reveals that the results of the chemical alcohol test were 0.204 and 0.198, respectively. In addition, the printed slips from the intoxilizer reveal, under the column labeled BAC, that the test results were 0.204 and 0.198. Furthermore, the plaintiff presented no evidence

that his BAC was measured by anything other than weight. After reviewing the record and briefs before us, we conclude that the commissioner's decision to suspend the plaintiff's operator's license was not clearly erroneous and was supported by substantial evidence.

The plaintiff next claims that the hearing officer improperly considered form A-44 and attachments because they were not originals. In addition, he argues that the hearing officer improperly admitted the results of the chemical alcohol test into evidence because there was not substantial evidence to show that his BAC was measured by weight. We disagree.

"Administrative tribunals are not strictly bound by the rules of evidence . . . so long as the evidence is reliable and probative. . . . It is within the province of the hearing officer to determine the credibility of evidence. . . . The plaintiff bears the burden of demonstrating that a hearing officer's evidentiary ruling is arbitrary, illegal or an abuse of discretion." (Citations omitted; internal quotation marks omitted.) *Roy* v. *Commissioner of Motor Vehicles*, 67 Conn. App. 394, 397, 786 A.2d 1279 (2001).

At the hearing, the state offered an original form A-44 with copies of the supporting documents to which the plaintiff objected. Prior to admitting the documents into evidence, the hearing officer considered each of the plaintiff's five objections.[5] In addition, the plaintiff was offered a continuance to subpoena the police officer to testify regarding the records. The plaintiff

---

[5] The plaintiff made the following objections to the admission of the form A-44 and attached documents: (1) the documents offered as originals were merely copies; (2) the officer's report was incomplete because it did not include a copy of a temporary license; (3) the times were inconsistent between the report and the copy; (4) the documents were more prejudicial than probative; and (5) the commissioner of public safety has not yet adopted regulations governing the conduct of chemical testing in accordance with Public Acts 1999, No. 99-218, § 4.

declined the invitation, reasoning that it was not his burden to subpoena the officer. Regardless of whether the officer testified, "the hearing officer could properly rely on the record . . . even with the conflicting information in the record." *Fiolek* v. *Commissioner of Motor Vehicles*, 45 Conn. Sup. 489, 497, 722 A.2d 1237 (1997), aff'd, 51 Conn. App. 486, 721 A.2d 1260, cert. denied, 248 Conn. 906, 731 A.2d 306 (1999).

After reviewing the record and briefs, we conclude that the hearing officer did not abuse his discretion in admitting into evidence form A-44 and attachments, including the results of the chemical alcohol test.

The judgment is affirmed.

In this opinion the other judges concurred.