[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff American Federation of State County Municipal Employees, Local 3713, Council 4, AFL-CIO ("the union"), appeals from an August 22, 2001 final decision of the defendant, State Board of Labor Relations ("the board"), holding that the defendant, Metropolitan District Commission ("the district"), did not commit a prohibited practice under General Statutes § 7-470 (a)(6) in failing to comply with three grievance settlements reached with the plaintiff. This appeal is authorized by General Statutes §§ 7-471 (5), 31-109 and 4-183
of the Uniform Administrative Procedure Act ("UAPA").
The plaintiff filed complaints with the board on October 29, 1998, November 2, 1998 and July 6, 1999. Subsequently, consolidated hearings were held on January 26, 2000 and July 18, 2000. After the hearing, the board made the following relevant findings of fact:
[October 29, 1998 complaint filed with the board.]
 7. On July 13, 1998, the parties entered into an agreement . . . in settlement of a grievance regarding the relocation of Dominic Fulco from the General Accounting Department to the Purchasing Department. Pursuant to this agreement, the District agreed to comply with the terms of Sec. 21.2[1]
of the [collective bargaining agreement] . . . and the Union agreed to withdraw the grievance from arbitration.
8. At a meeting with the Union held in September, 1998, Robert Zaik (Zaik), the District's Manager of Labor Relations, suggested that Accounting Assistant Hector CT Page 8203-ba Ramirez (Ramirez) be moved from the Finance Department to the Information Services Department for "educational purposes". The Union did not object to this proposal and suggested filling Ramirez' position in the Finance Department by means of the "working in higher classification" provision . . . of the contract. . . . On October 1, 1998, Ramirez was moved to the Information Services Department. . . . His position in the Finance Department was filled by Shirley Eubanks (Eubanks). . . .
 9. On October 20, 1998, the Union filed a grievance . . . protesting the transfer of Ramirez and on October 29, 1998, filed the instant complaint . . . alleging that the transfer of Ramirez violated the terms of the Fulco grievance settlement agreement.
[November 2, 1998 complaint filed with the board.]
 10. In settlement of three grievances filed to arbitration regarding job posting procedures, the parties entered into a grievance settlement agreement dated June 25, 1998.[2]
 * * * 12. On November 2, 1998, the Union filed a prohibited practice complaint . . . alleging that the transfers of Ramirez and Eubanks violated the posting procedures agreed to in the settlement agreement.
 * * * 16. [The settlement called for ratification by the parties]. The District's ratification process for collective bargaining agreements is for Zaik to submit the document to [Peggy] Roughan, the District Manager, subcommittees of the Board of Commissioners and then to the full Board of Commissioners for successive approvals.
 * * *
19. The Executive Board [of the Union] ratified the job posting agreement . . . at the September 10 meeting. Since there was not a quorum, the membership meeting was not held. When there is not a quorum of members, the action of the Executive Board binds the Union. CT Page 8203-bb
 20. The Union did not inform Zaik of its ratification of the agreement. Zaik was unaware the Union had ratified the agreement until an informal conference was held on one of the Union's prohibited practice complaints in December of 1998. Although Zaik showed the job posting agreement . . . to Roughan shortly after he had signed it, he had not asked for her ratification or approval since he was unaware at this time the Union had ratified it.
 21. The settlement agreement . . . made several substantial changes to the job posting provisions of the labor contract. . . . For example, the contract provides that the District may limit posting to a "function" when there are prospective applicants in that "function". The notice of vacancy shall be posted for five days. The settlement agreement specifies that vacancies are to be posted on a District-wide basis and that the notice remain posted for 10 days. . . .
 22. Subsequent to the execution of the settlement agreement . . . Zaik continued to use the contract procedure for job postings, rather than the revised procedure contained in the settlement agreement, since he did not believe that the Union had ratified the settlement agreement, and he knew that the District had not ratified it. . . .
[July 6, 1999 complaint filed with the board.]
 23. On June 17, 1999, the District posted a notice of vacancy for a Switchboard Operator/Receptionist position that was restricted by function to Finance Department employees. . . . This was the first posting subsequent to the execution of the settlement agreement . . . that was limited to a function.
 24. The Union challenged this posting as being inconsistent with the terms of the settlement agreement. . . .
(Return of Record ("ROR"), Item 12, pp. 3-5.)
Based on these findings, the board concluded that the district did not commit any prohibited practices and dismissed the plaintiffs complaints. First, according to the board, the plaintiff was aware of the proposal to transfer Ramirez so that the decision to transfer was not made without the plaintiffs input. Second, the grievance settlement, calling for new posting rules for job vacancies, had not been ratified by the district as was specifically required by the settlement. Therefore, the district had CT Page 8203-bc not violated the terms of either grievance settlement. (ROR, Item 12, pp. 6-8.) The plaintiff has appealed from the decision of the board, essentially asking the court to overturn the board's factual findings and conclusions drawn therefrom.[3]
The court reviews claims raised by the plaintiff in accordance with the limited scope of judicial review afforded by the UAPA. Dolgner v.Alander, 237 Conn. 272, 280 (1996). This standard of review has been set forth in MacDermid, Inc. v. Department of Environmental Protection,257 Conn. 128 (2001): "Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act [General Statutes § 4-166 et seq. (UAPA)] . . . and the scope of that review is very restricted. . . . With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. . . ." (Citations omitted; internal quotation marks omitted.) Id., 136. "This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The burden is on the [plaintiff] to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Citations omitted; internal quotation marks omitted.) Id., 136-37.
"The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the [agency], we cannot disturb the conclusion reached by [it]. . . ." (Citation omitted.) Domestic Violence Services of Greater New Haven,Inc. v. FOIC, 47 Conn. App. 466, 470 (1998); State Board of LaborRelations v. South Windsor, 39 Conn. Sup. 338, 345 (1983).
The parties do not dispute that it is a prohibited practice for an employer to refuse to comply with a grievance settlement, General Statutes § 7-470 (a)(6), and that in the Fulco settlement of July 13, 1998, the District agreed not enter into separate agreements or understandings with employees without involving the plaintiff in the process. The board concluded here that the Ramirez transfer did not take place without the input of the plaintiff and therefore the plaintiffs complaint was without merit.[4] There is substantial evidence to support the factual findings and conclusions of the board. (ROR, Item 5, Transcript of Hearing of January 26, 2000, pp. 17, 60-61.)
The plaintiff also claims that in announcing vacant positions arising from the Ramirez transfer and in another unrelated case involving a receptionist, the District did not follow the settlement agreement relating to job postings. The board found that the District had not CT Page 8203-bd ratified[5] the job posting procedure and therefore it did not apply to the Ramirez case or to the other job openings for a receptionist. There is substantial evidence in the record to support the finding of the board that the grievance settlement had not been ratified. (ROR, Item 5, pp. 141, 175, 183-84.) As indicated, in making its findings, the board must evaluate the evidence and may choose to adopt or reject any particular witness' testimony in whole or in part. Funderburk v. Commissioner ofMotor Vehicles, 68 Conn. App. 655, 658 (2002).
Since the plaintiff has not succeeded in demonstrating that the board lacked substantial evidence for its findings, the appeal is dismissed.
 ___________________ Henry S. Cohn, Judge