EDWARD R. ROY *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 20963)

Lavery, C. J., and Schaller and Daly, Js.

Submitted on briefs November 1—officially released December 18, 2001

*Jeffrey D. Brownstein* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *Priscilla J. Green*, assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

DALY, J. The plaintiff, Edward R. Roy, appeals from the judgment of the trial court dismissing his appeal from the decision of the commissioner of motor vehicles (commissioner) suspending his motor vehicle operator's license (license) for six months for refusing to submit to a Breathalyzer test pursuant to General Statutes (Rev. to 1999) § 14-227b (a), as amended by Public

Acts 1999, No. 99-255, § 2 (P.A. 99-255).[1] On appeal, the plaintiff claims that the court improperly upheld the hearing officer's decision although the hearing officer improperly (1) admitted into evidence and relied on a deficient A-44 arrest form, and (2) utilized the substantial evidence standard of proof. We affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. On January 1, 2000, the plaintiff was arrested and charged with operating a motor vehicle under the influence of liquor following a single vehicle accident. Police on the scene detected the odor of alcohol on the plaintiff's breath, and the plaintiff refused to submit to any sobriety tests. The department of motor vehicles informed the plaintiff that his license would be suspended for a period of six months and that he had a right to a hearing before the suspension would take effect.[2] During the hearing, the plaintiff objected to the admission into evidence of the A-44 form[3] on the ground that it failed to indicate that he had operated his motor vehicle on a public road. The hearing officer overruled the plaintiff's objection and admitted the A-44 form into evidence. At the conclusion of the hearing, the commissioner, through the hearing officer, suspended the plaintiff's license for a period of six months. Pursuant to General Statutes § 4-183,[4] the plaintiff appealed

---

[1] General Statutes (Rev. to 1999) § 14-227b (a), as amended by § 2 of P.A. 99-255, provides in relevant part: "Any person who operates a motor vehicle in this state shall be deemed to have given such person's consent to a chemical analysis of such person's blood, breath or urine . . . ."

[2] General Statutes § 14-227b (e) provides in relevant part: "Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension. . . ."

[3] The A-44 form is used by the police to report an arrest related to operating a motor vehicle under the influence and the results of any sobriety tests administered or the refusal to submit to such tests.

[4] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court . . . ."

from the hearing officer's decision to the trial court, which dismissed the plaintiff's appeal. This appeal followed.

I

The plaintiff's first claim is that the hearing officer improperly admitted into evidence a defective A-44 form and its attachments. The plaintiff claims that the A-44 form was inadmissible because the police officer who completed it failed to mark a box stating that the plaintiff had been operating his vehicle on a public road. We are not persuaded.

"Administrative tribunals are not strictly bound by the rules of evidence . . . so long as the evidence is reliable and probative." (Internal quotation marks omitted.) *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 712, 692 A.2d 834 (1997); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 6, p. 5. It is within the province of the hearing officer to determine the credibility of evidence. *Pizzo* v. *Commissioner of Motor Vehicles*, 62 Conn. App. 571, 579, 771 A.2d 273 (2001). "The plaintiff bears the burden of demonstrating that a hearing officer's evidentiary ruling is arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) *Paquette* v. *Hadley*, 45 Conn. App. 577, 580, 697 A.2d 691 (1997).

After thoroughly reviewing the record and briefs, we conclude that the hearing officer did not abuse his discretion in admitting the A-44 form into evidence. General Statutes (Rev. to 1999) § 14-227b (c), as amended by § 2 of P.A. 99-255,[5] requires the police to complete a

---

[5] General Statutes (Rev. to 1999) § 14-227b (c), as amended by § 2 of P.A. 99-255, provides in relevant part: "The police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided

written report on a form approved by the commissioner[6] when the person arrested refuses to submit to a sobriety test or when the result of such a test reveals a blood alcohol level exceeding the legal limit. In this case, the A-44 form was completed as required by the arresting officer, but he failed to include a check in the box stating that the plaintiff had been operating his vehicle on a public road. That omission, however, does not mean that the form was deficient for purposes of § 14-227b (c).

"Compliance with § 14-227b (c) is designed to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer. . . . If the report did not include such indicia of reliability, the report would not be admissible even before an administrative tribunal of this type." (Citation omitted; internal quotation marks omitted.) *Bialowas* v. *Commissioner of Motor Vehicles*, supra, 44 Conn. App. 712.

The report to be completed by police officers in accordance with § 14-227b (c) does not require the police to check a box setting forth that the person arrested was operating on a public road. Rather, the statute requires that the report set forth the officer's belief that there was probable cause to arrest, which

in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so or that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that such person had an elevated blood alcohol content."

[6] See footnotes 3 and 5.

includes operation on a public road. The officer in this case did that by describing the road in his attachments to the A-44 form, and the commissioner did not abuse his discretion in determining that the form, along with its accompanying documents, was sufficiently reliable to permit their admission into evidence.

The plaintiff's reliance on *Volck* v. *Muzio*, 204 Conn. 507, 529 A.2d 177 (1987), and *Mikolinski* v. *Commissioner of Motor Vehicles*, 55 Conn. App. 691, 740 A.2d 885 (1999), cert. denied, 252 Conn. 922, 747 A.2d 518 (2000), is misplaced. The plaintiff claims that the holdings in *Volck* and *Mikolinski* required the hearing officer to exclude the A-44 form because it did not comply with § 14-227b (c). Specifically, the plaintiff relies on language in *Volck* that permitted the admission into evidence of a police report that did not comply with § 14-227b (c) because the opposing party did not object to its admission.[7] The plaintiff surmises that because he objected to the admission of the defective A-44 form at the hearing, it should have been excluded. In both *Volck* and *Mikolinski*, however, the decisions to admit the noncomplying documents into evidence were upheld because they were determined to be sufficiently reliable.

The hearing officer in this case had ample evidence to determine that the incomplete A-44 form was reliable and probative. Hence, it was not an abuse of discretion when the hearing officer admitted the documents into evidence and relied on them when making his decision.

## II

The plaintiff's second claim on appeal is that the hearing officer used the wrong standard of proof during

---

[7] In *Volck*, our Supreme Court stated: "When hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Internal quotation marks omitted.) *Volck* v. *Muzio*, supra, 204 Conn. 518.

the license suspension hearing. The plaintiff argues that during a license suspension hearing, the hearing officer is required to use the preponderance of the evidence standard as opposed to the substantial evidence standard. This claim is without merit.

Section 14-227b-17 (b) of the Regulations of Connecticut State Agencies provides that "[t]he findings required to be made at the hearing in accordance with subsection (f) of Section 14-227b of the General Statutes shall be based on *substantial evidence* when the record is considered as a whole."[8] (Emphasis added.) "It is well established that an administrative agency's regulations are presumed valid and, unless they are shown to be inconsistent with the authorizing statute, they have the force and effect of a statute." (Internal quotation marks omitted.) *Cameron* v. *Alander*, 39 Conn. App. 216, 220, 664 A.2d 332, cert. denied, 235 Conn. 924, 666 A.2d 1185 (1995). The regulation explicitly states the burden of proof to be utilized during a license suspension hearing, and it is in no way inconsistent with the authorizing statute. The plaintiff offers no authority to support his claim that the appropriate burden should not be the substantial evidence standard. See 1 B. Holden & J. Daly, supra, § 61f, pp. 397–98. In light of the department of motor vehicles regulation, a hearing officer's decision must be based on substantial evidence when viewing the entire record. The plaintiff's claim that the standard should be proof by a preponderance of the evidence has no basis in law.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The regulation was enacted for the purpose of defining the procedures for holding administrative hearings by the department of motor vehicles. Administrative Regulations, Notice of Intent to Adopt Regulations, Connecticut Law Journal, Vol. 51, No. 6, p. 3C (August 8, 1989).