******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANGEL HUANG DO *v.* COMMISSIONER
OF MOTOR VEHICLES
(AC 37712)

Gruendel, Prescott and Bear, Js.*

*Argued January 7—officially released April 19, 2016*

(Appeal from Superior Court, judicial district of New
Britain, Schuman, J.)

*Chet L. Jackson*, for the appellant (plaintiff).

*Drew S. Graham*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney gen-
eral, for the appellee (defendant).

*Opinion*

PRESCOTT, J. "It is axiomatic that administrative tribunals are not strictly bound by the rules of evidence. . . . [T]hey may consider exhibits [that] would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative." (Internal quotation marks omitted.) *Gagliardi* v. *Commissioner of Children & Families*, 155 Conn. App. 610, 619, 110 A.3d 512, cert. denied, 316 Conn. 917, 113 A.3d 70 (2015). It is a rare case in which a decision by an administrative hearing officer to admit an exhibit will be reversed for an abuse of discretion. Principles of fundamental fairness dictate that this is such a case.

The plaintiff, Angel Huang Do, appeals from the judgment of the trial court remanding to the defendant, the Commissioner of Motor Vehicles (commissioner), her appeal from his decision to suspend her motor vehicle operator's license for ninety days pursuant to General Statutes § 14-227b. On appeal to this court, the plaintiff claims that the trial court improperly held that the hearing officer did not abuse his discretion by admitting into evidence an unreliable A-44 form and its attachments.[1]

In the alternative, the plaintiff claims that even if the exhibit was properly admitted into evidence, the court improperly remanded the case for an articulation. Specifically, the plaintiff challenges the court's decision to remand the case to the agency for an articulation regarding which of the two motor vehicles referenced in the exhibit was the vehicle that the hearing officer concluded that the plaintiff was actually driving. The plaintiff argues that, instead of remanding the case, the court should have concluded that the exhibit, even if properly admitted, did not constitute substantial evidence that the plaintiff violated General Statutes § 14-227a (a),[2] and, thus, the court should have sustained the plaintiff's appeal.

Because we agree with the plaintiff's claim that the hearing officer improperly admitted the exhibit, and there was no other evidence admitted into evidence, we conclude that the commissioner's decision is not supported by substantial evidence. It is therefore unnecessary to reach the plaintiff's alternative claim. Accordingly, we reverse the judgment of the trial court and remand the case with direction to render judgment sustaining the plaintiff's appeal.

The following facts and procedural history are relevant to the plaintiff's appeal. On April 24, 2014, the plaintiff was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a). On May 14, 2014, the commissioner sent a revised notice to the plaintiff to inform her of the suspension of her license pursuant to § 14-227b. On May 29, 2014, an administrative hearing was held before a hearing officer pursuant to § 14-

227b (g).[3]

At that hearing, no testimony was presented, but the Department of Motor Vehicles (department) offered into evidence the A-44 form completed by the arresting officer, Trooper Troy M. Biggs.[4] Attached to the A-44 form were Biggs' investigation report and the results of the breath analysis tests administered to the plaintiff, which showed that she had a blood alcohol content of 0.1184 and 0.1186 percent. The plaintiff objected to the admission of the exhibit on the ground that it was unreliable because it contained numerous errors and discrepancies. The hearing officer overruled the plaintiff's objection on the basis that the discrepancies went to the weight to be given to the exhibit, not its admissibility, and admitted the exhibit into evidence.

The hearing officer, acting on behalf of the commissioner, subsequently found, pursuant to § 14-227b (g), that: "(1) The police officer had probable cause to arrest the [plaintiff] for a violation specified in [§ 14-227a (a)]"; "(2) [the plaintiff] was placed under arrest"; "(3) [the plaintiff] submitted to [a sobriety] test or analysis and the results indicated a BAC of .08% or more"; and "(4) [the plaintiff] was operating the motor vehicle." On the basis of these findings, the commissioner ordered that the plaintiff's license be suspended for a period of ninety days.

Pursuant to General Statutes § 4-183,[5] the plaintiff appealed from the hearing officer's decision to the Superior Court. The plaintiff claimed that (1) the hearing officer improperly admitted the exhibit into evidence and (2) there was not substantial evidence in the record to support the hearing officer's findings. The court rejected the plaintiff's claim that the exhibit was inadmissible, but, because of conflicting information in the exhibit regarding the motor vehicle involved, it remanded the case to the hearing officer for an articulation as to which motor vehicle the hearing officer concluded that the plaintiff had operated.[6] This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff claims that the court improperly concluded that the hearing officer did not abuse his discretion by admitting the exhibit into evidence. Specifically, the plaintiff argues that the numerous errors and discrepancies contained in the exhibit render it unreliable and, thus, inadmissible. The commissioner responds that because the exhibit was signed under oath by the arresting officer in accordance with § 14-227b (c), the exhibit contained sufficient indicia of reliability and, thus, was admissible. We agree with the plaintiff that the hearing officer abused his discretion by admitting the exhibit because the number of obvious discrepancies and errors in the documents rendered the exhibit unreliable.

The following additional facts are necessary to resolve this claim. At the administrative hearing, the plaintiff objected to the admission of the exhibit into evidence on the ground that it was unreliable because of numerous discrepancies and errors contained therein. In the A-44 form, Trooper Biggs swore under oath that the vehicle that the plaintiff operated was a 2007 Audi A4 with a Massachusetts registration plate. In the attached investigation report, however, Biggs swore under oath that the vehicle that the plaintiff operated was a Mercedes-Benz with a Connecticut registration plate.

Additionally, in section B of the A-44 form, the incident date is recorded as April 23, 2014. That notation, however, is crossed out and replaced in handwriting with the date April 24, 2014. Next to the handwritten date are the initials "RH," which do not correspond to the initials of the arresting officer, Troy M. Biggs. There is no evidence as to who made this alteration, when it was made, and whether it was sworn to under oath.[7]

Our review of the exhibit suggests that the information contained in it may have been copied from another A-44 form involving the arrest of a different individual. In the "Phase III" section of the investigation report, Biggs stated that the plaintiff wore contact lenses. In the following section, Biggs averred that he had the plaintiff perform the Horizontal Gaze Nystagmus test with and without her glasses, which presumably she would not have been wearing had she been wearing her contact lenses.

In section J of the A-44 form, which is completed in cases in which an operator of a vehicle refuses to participate in a chemical alcohol test, "Helt, David" is listed as a witness to the plaintiff's alleged refusal. The plaintiff, however, submitted to a breath analysis test, which the commissioner conceded in his brief to this court. On the A-44 form, "Helt, David" is crossed out and initialed by "RH." Again, there is no evidence regarding who made this alteration, when it was made, and whether it was made under oath.[8]

On the basis of these errors and discrepancies, the plaintiff argued that the exhibit was unreliable because it is not clear what information contained in the exhibit actually pertained to this case. The hearing officer, however, agreed with the department that these discrepancies amounted to scrivener's errors and went to the weight to be afforded the exhibit, not its admissibility. On appeal to the trial court, the court agreed with the hearing officer that these discrepancies "[do] not negate the overall reliability of the report, which otherwise meets the statutory and regulatory criteria. Rather, the conflict simply creates a fact or credibility issue for the hearing officer to resolve. 'It is within the province of the hearing officer to determine the credibility of

evidence.' *Roy* v. *Commissioner of Motor Vehicles*, 67 Conn. App. 394, 397, 786 A.2d 1279 (2002). Therefore, the hearing officer did not abuse his discretion in admitting the [exhibit]."

We begin by setting forth the relevant standard of review and legal principles that guide our analysis. We review a hearing officer's evidentiary ruling for whether "the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Gagliardi* v. *Commissioner of Children & Families*, supra, 155 Conn. App. 618. "It is axiomatic that administrative tribunals are not strictly bound by the rules of evidence. . . . [T]hey may consider exhibits [that] would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative. . . . According to General Statutes § 4-178, in a contested case before an agency, [a]ny oral or documentary evidence may be received, but the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence . . . ." (Citation omitted; internal quotation marks omitted.) Id., 619–20. Although evidentiary rules are considerably relaxed in administrative hearings, the conduct of the hearing must be fundamentally fair and cannot "violate the fundamental rules of natural justice." *Bancroft* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 391, 400, 408, 710 A.2d 807, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998).

Section 14-227b, commonly referred to as the implied consent statute, governs license suspension hearings. At the license suspension hearing, pursuant to § 14-227b-19 (a) of the Regulations of Connecticut State Agencies, the A-44 form, which the arresting officer is required to complete, "shall be admissible into evidence at the hearing if it conforms to the requirements of subsection (c) of Section 14-227b of the General Statutes." Section 14-227b (c) provides in relevant part that the A-44 form "shall contain such information as prescribed by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in [General Statutes §] 53a-157b by the arresting officer. . . . The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for a violation of subsection (a) of [§] 14-227a and shall state that such person . . . submitted to such [sobriety] test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that such person had an elevated blood alcohol content. . . ."

In *Volck* v. *Muzio*, 204 Conn. 507, 518, 529 A.2d 177 (1987), our Supreme Court held that the "evident purpose [of § 14-227b (c)] is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the neces-

sity of producing the arresting officer." The court, therefore, concluded that if an A-44 form does not comply with subsection (c), it is unreliable and, thus, inadmissible, as long as the plaintiff objected to its admission into evidence.[9] Id.; see *Winsor* v. *Commissioner of Motor Vehicles*, 101 Conn. App. 674, 688, 922 A.2d 330 (2007) ("[b]ecause § 14-227b [c] is tailored to satisfy an exception to the hearsay rule, a failure to comply with [its requirements] renders the A-44 form inadmissible, at least in the absence of direct testimony from the arresting officer"); *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 712, 692 A.2d 834 (1997) ("[T]here is merit, in theory, to a claim of procedural error that bears on the police report's reliability . . . . If the report did not include such indicia of reliability, the report would not be admissible even before an administrative tribunal of this type." [Citations omitted; internal quotation marks omitted.]).

On the basis of our Supreme Court's holding in *Volck*, technical compliance with § 14-227b (c) is a necessary prerequisite to a determination that an A-44 form is sufficiently reliable to be admitted into evidence. Neither our Supreme Court nor this court, however, has ever held that technical compliance with subsection (c) must always result in the admission of an A-44 form. Although an A-44 form may technically comply with subsection (c), the information contained in the four corners of the document may still lead the hearing officer to conclude that the document is otherwise unreliable.

The reliability of an A-44 form is especially important because the commissioner has heavily curtailed a plaintiff's ability to cross-examine the arresting officer regarding the information contained within the A-44 form by permitting himself to rely solely on these A-44 forms as evidence without testimony from the arresting officer. Although § 14-227b-18 of the Regulations of Connecticut State Agencies[10] permits a person arrested for violating § 14-227a (a) to summon the arresting officer to the administrative hearing, if the subpoenaed arresting officer does not appear, the person arrested is not entitled to a continuance or a dismissal. Thus, even though an arrested person can subpoena the arresting officer, if the officer does not appear, the arrested person is deprived of his or her ability to cross-examine the officer regarding any errors in the A-44 form.[11]

Because the reliability of the A-44 form is of the utmost importance, there may be instances in which an A-44 form contains so many significant internal discrepancies and errors that it is rendered unreliable, at least in the absence of testimony by the arresting officer or other evidence that supports its reliability. In some instances, the department, if it wishes that the document be admitted into evidence, may be obligated to

call the arresting officer as a witness to explain the discrepancies and errors. In this regard, it is important to remember that it is the department's burden to demonstrate that the plaintiff violated § 14-227a (a).

Additionally, it was the department's ultimate burden to establish the exhibit's admissibility. The dissent asserts that it was the plaintiff's burden to offer evidence at the administrative hearing to prove or explain the inconsistencies in the exhibit. For example, the dissent argues that the plaintiff should have offered the A-44 form, involving the arrest of another motorist, from which A-44 form information was copied and pasted into the exhibit at issue. "[T]he burden [however] is on the proponent of the evidence, upon timely objection, to establish that the evidence is admissible." *New England Savings Bank* v. *Bedford Realty Corp.*, 238 Conn. 745, 753, 680 A.2d 301 (1996). Although there are exceptions to the general rule, "[t]he burden of proving the grounds of an objection is ordinarily not upon the opponent; whether he objects on the ground that the original of a document is not produced, or that an attesting witness ought to be called, or that a dying declarant was not conscious of impending dissolution, the burden of establishing the preliminary facts essential to satisfy any rule of evidence is upon the party offering it. The opponent merely invokes the law; if it is applicable to the evidence, the proponent must make the evidence satisfy the law." 1 J. Wigmore, Evidence (Tillers Rev. 1983) § 18, p. 841. In the present case, because the plaintiff objected to the admission of the exhibit and casted significant doubt upon its reliability, the burden was on the department to offer additional evidence to prove the reliability of the exhibit.

Not only was it not the plaintiff's burden to prove the cause or source of the obvious and significant inconsistencies in the exhibit, but it also would be highly impracticable to require the plaintiff to do so because such facts were not within her custody or control. For example, the plaintiff would have had little or no opportunity to obtain the prior A-44 form to prove that portions of the exhibit were copied from it because she did not know the name of the other motorist. Once the plaintiff objected and raised serious questions regarding the exhibit's reliability, it was the department's burden to produce sufficient evidence to demonstrate the exhibit's reliability, and, ultimately, its admissibility.

Placing this burden on the department is consistent with our Supreme Court's holding in *Carlson* v. *Kozlowski*, 172 Conn. 263, 267–68, 374 A.2d 207 (1977), that although hearsay evidence is generally admissible in administrative hearings, hearsay evidence must be sufficiently reliable to be admissible. To determine whether hearsay evidence is sufficiently reliable in an administrative hearing, the court in *Carlson* adopted the test articulated in *Richardson* v. *Perales*, 402 U.S. 389, 91

S. Ct. 1420, 28 L. Ed. 2d 842 (1971). In *Richardson*, the United States Supreme Court was asked to decide whether medical records were sufficiently reliable to be admissible in an administrative hearing without the testimony of the medical examiner. Id., 402. In holding that the medical records were reliable, the court looked to multiple factors, including whether there were inconsistencies on the face of the records, and whether the plaintiff had the ability to subpoena the author of the records. Id., 403–406. The Supreme Court noted that there was not a single inconsistency amongst the medical records, which strengthened their reliability. Id., 404. Thus, by adopting the *Richardson* factors, our Supreme Court has recognized that internal inconsistencies within the four corners of a document factor into a determination of the reliability of that document. The court did not, however, hold that the plaintiff was required to prove the source of the inconsistencies in order to show the document's unreliability.

We do not suggest, however, that an A-44 form is admissible only if the arresting officer testifies at the administrative hearing and explains any discrepancies. Indeed, tribunals often determine whether an exhibit or testimony is sufficiently reliable in light of other evidence in the record. In other words, in the absence of corroborating evidence, one piece of evidence may be unreliable and, therefore, inadmissible, but that same piece of evidence may be admissible if supported by sufficient corroborating evidence. Moreover, if the discrepancy amounts to a mere scrivener's error, an objection may not raise a significant question regarding an A-44 form's reliability that would require the department to offer additional evidence regarding its reliability. Such a determination may be made only on a case-by-case basis.

In the present case, we conclude that the trial court improperly concluded that the exhibit was sufficiently reliable. Portions of the exhibit in all likelihood pertain to the arrest of another individual, calling into question which portions of the exhibit actually pertain to the plaintiff. Furthermore, portions of the exhibit have been altered and initialed by an unknown person, and it is unclear whether this person had personalized knowledge of the incident and swore under oath to the accuracy of the alterations. Additionally, there is no evidence as to when these alterations occurred.

These discrepancies and errors heavily undermine the exhibit's reliability. The extent of the errors and discrepancies far surpasses mere scrivener's errors. The exhibit does not merely state that the plaintiff operated two different vehicles—an Audi and a Mercedes-Benz—but it also lists different vehicle models, years, and state registrations. The statements that the plaintiff wore contact lenses and that the plaintiff participated in field sobriety tests with and without her glasses also

cannot be dismissed as mere scrivener's errors. Additionally, the notation that "Helt, David" witnessed the plaintiff's refusal to submit to chemical alcohol testing is not a scrivener's error because the department admits that the plaintiff consented to the breathalyzer test. Although the incident date on the A-44 form may be a scrivener's error, the alteration by an unknown person undermines its reliability.[12]

Not only do these discrepancies undermine the exhibit's reliability as a whole, but they also establish that the exhibit does not meet the requirement under § 14-227b (c) that the arresting officer swear to the accuracy of the A-44 form under oath. The commissioner contends that Biggs signed the exhibit under oath, and, thus, the exhibit complies with subsection (c). This assertion is incorrect for multiple reasons. First, Biggs could not have had a basis of knowledge to swear to the accuracy of the facts contained in the exhibit if portions of the exhibit were copied from the arrest of another individual. Second, because the exhibit is altered by "RH" and there is no indication that "RH" swore to the accuracy of the alterations under oath, the exhibit does not comply with the obligation in subsection (c) that the document be sworn to under oath by the arresting officer. Third, because there is no evidence as to when the alterations occurred, the exhibit that Biggs signed under oath may not be the same exhibit that is before us today. Accordingly, at most, Biggs swore to the accuracy of portions of the exhibit, which is not sufficient under § 14-227b (c).

This case is distinguishable from cases in which Connecticut courts have found that noncompliance with § 14-227b (c) did not render an A-44 form inadmissible. Those cases fall into one of three categories. The first category involves cases in which the A-44 form contained sufficient additional information, sworn to under oath, to ameliorate any noncompliance with § 14-227b (c) or to remove serious questions regarding the document's reliability. See *Roy* v. *Commissioner of Motor Vehicles*, supra, 67 Conn. App. 399 (A-44 form was sufficiently reliable because although hearing officer did not check box on form indicating that plaintiff operated vehicle on public road, he described public road in investigation report). The second category involves cases in which noncompliance with subsection (c) was a mere scrivener's error. See *Graton* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of New Britain, Docket No. CV-13-6020980-S (December 9, 2013) ("[E]ven if it is read as a '10,' instead of '12,' the court finds that this was a mere scrivener's error because the plaintiff was not arrested until April 12th. This minor discrepancy does not render the [A-44 form] and its attachments unreliable."). The last category involves cases in which the admission of the A-44 form into evidence was not objected to at the administrative hearing. See *Volck* v. *Muzio*, supra, 204 Conn. 518 ("[t]he

absence of the endorsement of a third person who witnessed the arrested operator's refusal of testing would have rendered [the arresting officer's] report inadmissible if the plaintiff had objected thereto"). Here, the number and significance of the discrepancies and errors are far greater.

"This court is aware of the carnage associated with drunken drivers. . . . Nevertheless, in our endeavor to rid our roads of these drivers . . . we cannot trample on the constitutional rights of other citizens. They are entitled to a fair hearing." (Citation omitted; internal quotation marks omitted.) *Bialowas* v. *Commissioner of Motor Vehicles*, supra, 44 Conn. App. 718. Fundamental fairness requires the admission of only *reliable* evidence.

Finally, it is important to recognize that we must place some limit on the degree to which a critical document, like an A-44 form, may contain significant errors and discrepancies and still be admissible. If we held that this exhibit, standing alone, was sufficiently reliable to be admitted, we would altogether disincentivize police officers to accurately document critical facts necessary to establish that a motorist has violated § 14-227a (a). In other words, if an A-44 form is always admissible, as the commissioner seems to suggest, as long as the arresting officer's signature is on the document and the document in some way describes probable cause to arrest some motorist, there would be no incentive to create an accurate and complete report of the incident. Although we recognize that mere scrivener's errors should not render an A-44 form inadmissible in all circumstances, this is not such a case. Accordingly, we conclude that the trial court improperly determined that the hearing officer did not abuse his discretion by admitting the exhibit into evidence.

## II

Our inquiry, however, does not end with our conclusion that the exhibit was not sufficiently reliable and, thus, was inadmissible at the administrative hearing. "Even in the absence of the A-44 form, [i]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." (Internal quotation marks omitted.) *Winsor* v. *Commissioner of Motor Vehicles*, supra, 101 Conn. App. 688.

"We review the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the [Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq.]. . . . Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Our ultimate duty

is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . [T]he plaintiff bears the burden of demonstrating that a hearing officer's evidentiary ruling is arbitrary, illegal or an abuse of discretion. . . .

"An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and . . . provide[s] a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . [I]t is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . .

"[A]s to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Internal quotation marks omitted.) *Gagliardi* v. *Commissioner of Children & Families*, supra, 155 Conn. App. 617–18.

In the present case, the department offered no evidence other than the exhibit at the administrative hearing. Without the exhibit, there is nothing in the record to support the hearing officer's determination that the plaintiff violated § 14-227a (a). At the administrative hearing, the department had the opportunity to present additional evidence, and it chose not to avail itself of this opportunity. Without the admission of the exhibit, the department has failed to meet its burden to provide substantial evidence that the plaintiff violated § 14-227a (a). Accordingly, the plaintiff's appeal must be sustained.[13]

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.

In this opinion GRUENDEL, J., concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] "The A-44 form is used by the police to report an arrest related to operating a motor vehicle under the influence and the results of any sobriety tests administered or the refusal to submit to such tests." *Roy* v. *Commissioner of Motor Vehicles*, 67 Conn. App. 394, 396 n.3, 786 A.2d 1279 (2001); see General Statutes § 14-227b (c) ("The [arresting] police officer shall prepare a report of the incident . . . . The report shall contain such information as prescribed by the Commissioner of Motor Vehicles . . . .").

Because the A-44 form and its attachments were offered into evidence as a single exhibit and there were no other exhibits offered at the administrative

hearing, for the purposes of this opinion, we refer to them as a whole as the exhibit. We will only refer to the individual documents that comprise the exhibit—the A-44 form, the investigation report, and the breath analysis test results—to identify specific information contained therein.

We also note that the second page of the A-44 form was not included in the return of the administrative record. The commissioner supplemented the administrative record with the missing page from the A-44 form prior to the hearing before the trial court.

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. . . ."

[3] General Statutes § 14-227b (g) provides in relevant part: "If such person contacts the department to schedule a hearing, the department shall assign a date, time and place for the hearing, which date shall be prior to the effective date of the suspension, except that, with respect to a person whose operator's license or nonresident operating privilege is suspended in accordance with subdivision (2) of subsection (e) of this section, such hearing shall be scheduled not later than thirty days after such person contacts the department. . . ."

[4] The trial court's memorandum of decision states that the arresting officer's name was "Trooper Troy M. Briggs," but our review of the exhibit reveals that his last name is Biggs.

[5] General Statutes § 4-183 provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[6] For the purposes of § 4-183, a remand is an appealable final judgment. See General Statutes § 4-183 (j).

[7] Although the A-44 form is signed by Sergeant Ryan M. Hennessey as the person who administered the oath to Biggs, no evidence was presented at the administrative hearing to prove that Hennessey is "RH." Even assuming that Hennessey is "RH," there was no evidence offered at the administrative hearing as to whether he made the alteration before or after Biggs signed the A-44 form, or whether he made the alteration under oath, as required by § 14-227b (c).

[8] The trial court in its memorandum of decision does not discuss or analyze this discrepancy, which appears on the second page of the A-44 form, and does not appear to have factored it into its analysis regarding whether it, along with the other errors and discrepancies, renders the exhibit unreliable.

[9] We note that in *Volck*, our Supreme Court held that strict compliance with subsection (c) is not a prerequisite for license suspension pursuant to § 14-227b. *Volck* v. *Muzio*, supra, 204 Conn. 517. Thus, if an A-44 form does not comply with subsection (c), but there is other substantial evidence in the record to support the hearing officer's decision in the absence of the A-44 form, the decision must be upheld. See *Winsor* v. *Commissioner of Motor Vehicles*, 101 Conn. App. 674, 688, 922 A.2d 330 (2007). Furthermore, if a plaintiff does not object to the admission of the A-44 form into evidence and it is admitted into evidence, it may constitute substantial evidence even if it does not comply with subsection (c). *Volck* v. *Muzio*, supra, 518.

[10] Section 14-227b-18 of the Regulations of Connecticut State Agencies provides in relevant part: "(b) A person arrested for an enumerated offense may at his own expense and by his own solicitation summon to the hearing the arresting officer and any other witness to give oral testimony. The failure to appear at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing. . . ."

[11] To the extent that the plaintiff's claim raises a due process issue, we need not address it because we rule in favor of the plaintiff on the evidentiary ground raised. See *State* v. *Genotti*, 220 Conn. 796, 804, 601 A.2d 1013 (1992) (court should eschew reaching constitutional issues on appeal if claim disposed of on evidentiary grounds).

[12] Although each of these discrepancies alone may not have rendered the exhibit inadmissible, their cumulative effect persuades us that it should not have been admitted.

[13] The dissent assigns fault to the trial court's conclusion that the case should be remanded for further factual findings or for an articulation regard-

ing which motor vehicle the plaintiff allegedly operated before it decides the merits of the appeal. The dissent contends that we should reverse the court's decision to remand the case to the department and instead conclude that the exhibit provided substantial evidence sufficient to support the commissioner's decision to suspend the plaintiff's license. The relief, however, that the dissent argues should be granted was not sought by the commissioner, except in a conclusory final sentence in his appellate brief. The commissioner did not file a cross appeal or otherwise take issue with the court's conclusion that the case should be remanded to the department before deciding the merits of the appeal. In fact, the commissioner argued that the trial court did not abuse its discretion by ordering a remand. Although we are disinclined to agree with the dissent on this point, we need not decide it in light of our conclusion that the exhibit was inadmissible.