******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., dissenting. In a driver's license suspension proceeding conducted by the Department of Motor Vehicles (department), the department's hearing officer typically, and often exclusively, relies on an A-44 report prepared by one or more police officers to determine whether the driver's privilege to operate a motor vehicle should be suspended pursuant to General Statutes § 14-227b.[1] Under our regulatory scheme, the A-44 report is admissible without providing to the accused driver any practical opportunity to cross-examine the author of the report. I continue to have concerns with the admission and reliability of some A-44 reports, particularly in light of the operator's lack of any practical opportunity to cross-examine the author of the report concerning the accuracy of the information contained in it. Furthermore, our Supreme Court has indicated in two cases that A-44 reports that fail to comply with the admissibility requirements set forth in General Statutes § 14-227b (c) are not admissible. *Do* v. *Commissioner of Motor Vehicles*, 330 Conn. 651, 669, 200 A.3d 681 (2019); *Volck* v. *Muzio*, 204 Conn. 507, 518, 529 A.2d 177 (1987). In light of these concerns, I respectfully dissent from the decision of the majority affirming the hearing officer's admission of the A-44 report despite its undisputed failure to comply with the requirements of § 14-227b (c).

An A-44 report "shall be admissible into evidence at [a license suspension] hearing if it conforms to the requirements of subsection (c) of [§] 14-227b . . . [which] provides that the report, to be admissible, must be submitted to the department within three business days, be subscribed and sworn to by the arresting officer under penalty of false statement, set forth the grounds for the officer's belief that there was probable cause to arrest the driver, and state whether the driver refused to submit to or failed a blood, breath or urine test." (Emphasis omitted; internal quotation marks omitted.) *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 668. Indeed, one of the plain and unambiguous requirements imposed by § 14-227b (c) is that "[t]he police officer shall prepare a report of the incident and shall mail or otherwise transmit in accordance with this subsection the report . . . to the Department of Motor Vehicles *within three business days*." (Emphasis added.) General Statutes § 14-227b (c).

There is no dispute in the present case that the A-44 report was neither created nor sent to the department within the three day period required by § 14-227b (c).[2] As the majority correctly states, the report was prepared five days after the incident giving rise to the plaintiff's arrest and was not transmitted to the department until nine days after the incident. Our Supreme

Court has explained, "the admissibility requirements set forth in [§ 14-227b (c)] *provide sufficient indicia of reliability* so that the [A-44] report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, *without the necessity of producing the arresting officer*." (Emphasis added; internal quotation marks omitted.) *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 678. In my view, the three day requirement imposed by § 14-227b (c) exists, at least in part, to heighten the reliability of A-44 reports, because it requires a police officer to prepare the report while his or her recollection of the incident is most fresh. According to prior appellate precedent and, now, in accordance with the majority's decision in this case, an A-44 report is admissible, even if the report contains significant and obvious factual errors; see id., 656; and even though it fails to comply with the admissibility requirements set forth by statute. See General Statutes § 14-227b (c).

It is important to emphasize that, under the existing regulatory scheme, a report is admissible without providing the accused individual with any practical opportunity to cross-examine the author of the report concerning the reliability of the information contained therein. The lack of the opportunity to cross-examine the author of the report is the result of § 14-227b-18 of the Regulations of Connecticut State Agencies, which is titled "Attendance of arresting officer at hearing," and provides in relevant part: "(b) A person arrested for an enumerated offense may at such person's own expense and by such person's own solicitation summon to the hearing the arresting officer and any other witness to give oral testimony. *The failure to appear at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing. . . .*" (Emphasis added.)

As I stated in *Do* v. *Commissioner of Motor Vehicles*, 164 Conn. App. 616, 626–27, 138 A.3d 359 (2016), rev'd, *Do* v. *Commissioner of Motor Vehicles*, 330 Conn. 651, 200 A.3d 681 (2019), "[a]lthough § 14-227b-18 of the Regulations of Connecticut State Agencies permits a person arrested for violating § 14-227a . . . to summon the arresting officer to the administrative hearing, if the subpoenaed arresting officer does not appear, the person arrested is not entitled to a continuance or a dismissal. Thus, even though an arrested person can subpoena the arresting officer, if the officer does not appear, the arrested person is deprived of his or her ability to cross-examine the officer regarding any errors in the A-44 form." (Footnote omitted.) Indeed, on the basis of my prior experience serving as the presiding judge of the tax and administrative appeals session of the Superior Court, it is my experience that the author of an A-44 report rarely testifies in these proceedings. I remain concerned that the confluence of this regulatory

scheme, the Supreme Court's decision in *Do*, and the majority's decision in the present case risk depriving operators of fundamental fairness before they lose the privilege to drive. "This court is aware of the carnage associated with drunken drivers. . . . Nevertheless, in our endeavor to rid our roads of these drivers . . . we cannot trample on the constitutional rights of other citizens. They are entitled to a fair hearing. . . . An operator's license is a privilege that the state may not revoke without furnishing the holder of the license due process as required by the fourteenth amendment." (Citations omitted; internal quotation marks omitted.) *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 718, 692 A.2d 834 (1997). I also am of the view that, under existing law, including this court's decision today, police officers have become disincetivized to ensure that A-44 reports comply with § 14-227b (c).

With these concerns in mind, it is important to focus on two cases decided by our Supreme Court that have stated that an A-44 report that fails to comply with the admissibility requirements set forth in § 14-227b (c) will not be admissible. In *Volck* v. *Muzio*, supra, 204 Conn. 507, the plaintiff was arrested for operating a motor vehicle under the influence of intoxicating liquor or drugs. Id., 508–10. At the plaintiff's license suspension hearing, the hearing officer considered various police documents, including a police report that documented that the plaintiff had refused to submit to a blood, breath, or urine test on the day of the incident. Id., 509–10. The plaintiff did not object to the admission of any of the documents introduced at the hearing, including the police report. Id., 510–11. Following the hearing, the hearing officer determined that there was probable cause to arrest the plaintiff, that the plaintiff had been arrested, that he had refused to submit to a blood, breath, or urine test, and that he was operating a motor vehicle. Id., 511–12. Accordingly, the department suspended the plaintiff's license. Id., 508.

The plaintiff appealed the suspension of his license to the Superior Court, arguing, inter alia, that the report, which documented the plaintiff's refusal to submit to testing, was not "endorsed by a third [party who] witness[ed]" the refusal. Id., 509–10; see also General Statutes § 14-227b (c). Although the court agreed with the plaintiff that the report failed to comply with the admissibility requirements in § 14-227b (c) because it had not been endorsed by a third-party witness to the refusal, the court nonetheless dismissed the plaintiff's appeal because it determined that the nonconformity did not negate the hearing officer's findings. *Volck* v. *Muzio*, supra, 204 Conn. 516.

On appeal, our Supreme Court stated: "The absence of the endorsement of a third person who witnessed the [plaintiff's] refusal of testing *would have rendered*

[*the police officer's*] *report inadmissible if the plaintiff had objected thereto.* No objection was raised, however, to its use at the license suspension hearing." (Emphasis added.) Id., 518. Thus, the Supreme Court indicated that, had the plaintiff objected to the admission of the police report, it would have been inadmissible because it failed to comply with one of the admissibility requirements set forth in § 14-227b (c). See id. Because the "hearsay statements . . . c[a]me into [the] case without objection" by the plaintiff, "they [could] be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Internal quotation marks omitted.) Id. Accordingly, the hearing officer's findings were "not flawed [despite] his reliance upon the unwitnessed report of the police officer." Id.

In *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 651, the Supreme Court likewise indicated that a report that fails to comply with the admissibility requirements contained in § 14-227b (c) should not be admissible. The plaintiff in *Do* was arrested for operating a motor vehicle under the influence of intoxicating liquor or drugs. Id., 658. The arresting officer prepared an A-44 report, documenting the incident, and sent a copy to the department. Id., 657–58. The report complied with the admissibility requirements set forth in § 14-227b (c). Id., 658.

At the plaintiff's license suspension hearing, the plaintiff objected to the admission of an exhibit which contained the A-44 report, a police investigation report, and the results of the plaintiff's breath analysis test from the night of the incident. Id., 658–59. The plaintiff argued that the exhibit was unreliable because it contained the following internal discrepancies: "(1) the A-44 form state[d] that, at the time of her arrest, the plaintiff was driving a 2007 Audi A4 with Massachusetts license plates whereas the investigation report state[d] that the plaintiff was driving a 2006 Mercedes-Benz S28 with Connecticut license plates; (2) after [the arresting officer] had subscribed and sworn to the information contained in the A-44 form, [his supervisor] altered . . . that form by crossing out . . . the date of the incident and writing in [a different date]; (3) [the supervisor] . . . crossed out the name [of] . . . a person who witnessed the plaintiff's [alleged] refusal to perform a breath analysis test [although the results of the plaintiff's breath analysis test were included in the exhibit]; and (4) . . . the investigation report . . . state[d] that the plaintiff informed [the arresting officer] that she was wearing contact lenses whereas the summary of the plaintiff's . . . test results in the same report state[d] that the plaintiff performed th[e] test with and without her glasses on." (Footnote omitted; internal quotation marks omitted.) Id., 659. The hearing officer overruled the plaintiff's objection, determining that the discrepancies went to the weight to be given to the exhibit, not to its admissibility, and admitted the exhibit

into evidence. Id., 660. The hearing officer ultimately determined that there was probable cause to arrest the plaintiff, that the plaintiff had been arrested, that she had submitted to a test and the results indicated a blood alcohol content of 0.08 percent or more, and that she was operating a motor vehicle. Id. Consequently, the department suspended the plaintiff's license. Id.

The plaintiff appealed the suspension of her license to the Superior Court. Id., 661. The court determined that the hearing officer did not abuse his discretion by admitting the exhibit into evidence because the exhibit complied with the requirements of § 14-227b (c). Id. The plaintiff appealed to this court; see id., 663; and this court reversed the judgment of the Superior Court, concluding that the "A-44 form contain[ed] so many significant internal discrepancies and errors that it [wa]s rendered unreliable, *at least in the absence of testimony by the arresting officer or other evidence that support[ed] its reliability*." (Emphasis added.) *Do* v. *Commissioner of Motor Vehicles*, supra, 164 Conn. App. 627.

Our Supreme Court reversed the decision of this court, concluding that the plaintiff had failed to demonstrate that the hearing officer had abused his discretion by admitting the exhibit and relying on the exhibit to support his findings. *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 668. Our Supreme Court determined that the exhibit met each of the requirements set forth in § 14-227b (c): "[I]t was submitted to the department within three business days; it was subscribed and sworn to by the arresting officer; it set forth the grounds for the officer's belief that there was probable cause to arrest the plaintiff; and it stated whether the plaintiff submitted to a blood test." Id., 669. Because it complied with the admissibility requirements set forth in § 14-227b (c) and set forth evidence to support the hearing officer's findings, the exhibit was admissible. See id., 669, 680. The factual discrepancies within the exhibit "[went] to the weight to be accorded the exhibit by the hearing officer, not to its admissibility." Id., 671.

Importantly, our Supreme Court in *Do* noted that "[n]either [our Supreme Court] nor [this court] has ever recognized any basis for excluding a police report from evidence at a license suspension hearing *other than the failure to comply with § 14-227b (c)*. Indeed, [our Supreme Court] ha[s] rejected claims that a report should be excluded for any other reason." (Emphasis added.) Id., 669. The Supreme Court cited *Volck*, noting that, in that case, "[the] arresting officer's failure to comply with [the] statutory dictates of § 14-227b [b] provided [an] insufficient ground for overturning [the] [C]ommissioner [of Motor Vehicle's] suspension of [the plaintiff's] license, *but* [*the*] *absence of* [*the*] *endorsement of* [*a*] *third person to* [*the*] *plaintiff's refusal to*

*submit to [a] breath analysis test as required by § 14-227b [c] would be [a] ground for [the] exclusion of [the] report . . . .*" (Emphasis added.) Id. Thus, the Supreme Court has indicated for a second time that an A-44 report's noncompliance with the admissibility requirements set forth in § 14-227b (c) renders the report inadmissible, at least in the absence of testimony by the arresting officer.

I recognize that the statements by our Supreme Court in *Volck* and *Do* are arguably dicta. Nonetheless, I am persuaded, in light of my concerns for fundamental fairness, that this court should adhere to the Supreme Court's statement in two cases that the A-44 reports, in the absence of testimony by the author of the report, are not admissible if they fail to comply with the strictures of § 14-227b (c). If the Supreme Court ultimately disavows its statements in *Volck* and *Do*, and holds that an A-44 report is admissible even if it does not comply with the statutory requirements and the author is not subject to cross-examination, I, of course, am duty bound to follow that decision. Accordingly, I conclude that the hearing officer improperly admitted the A-44 report because it failed to comply with § 14-227b (c) and would reverse the judgment of the Superior Court affirming the decision with direction to sustain the plaintiff's appeal.

In light of the foregoing considerations, I respectfully dissent.

[1] General Statutes § 14-227b provides in relevant part: "If [a] person arrested [for operating a motor vehicle under the influence of intoxicating liquor or any drug or both in accordance with General Statutes § 14-227a] refuses to submit to [a blood, breath, or urine] test or analysis or submits to such test or analysis . . . and the results of such test or analysis indicate that such person has an elevated blood alcohol content, the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license . . . for a twenty-four-hour period. . . . [U]pon receipt of [a police] report [documenting the incident giving rise to the arrest], the Commissioner of Motor Vehicles may suspend any operator's license . . . effective as of a date certain, which date shall be not later than thirty days after the date such person received notice of such person's arrest by the police officer. Any person whose operator's license or nonresident operating privilege has been suspended in accordance with this subdivision shall automatically be entitled to a hearing before the commissioner . . . ."

[2] Because the majority opinion accurately sets forth the facts and procedural history of this case, I see no need to repeat them here.